

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/06/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 11-34168 |
| LIMAS JEFFERSON | § | CHAPTER 7 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |
| | § | |
| | § | |
| HOLMAN STREET BAPTIST CHURCH | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 11-3513 |
| | § | |
| LIMAS JEFFERSON | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION
(Docket No. 20)

      Holman Street Baptist Church ("Holman") filed this adversary proceeding seeking a determination that its claims against the Debtor are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) [Docket No. 1, Adv. No. 11-3513]. In response, the Debtor asserted a number of affirmative defenses to Holman's underlying claim [Docket No. 15, Adv. No. 11-3513]. Holman filed the instant motion for partial judgment on the pleadings seeking to prevent the Debtor from relitigating or raising factual issues with respect to two affirmative defenses to Holman's claim that were the subject of a prior state court lawsuit [Docket No. 20, Adv. No. 11-3513].

      The Court has jurisdiction over the matter pursuant to 11 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Court has constitutional authority to enter a final order. For the reasons set forth below, Holman's motion is granted. A separate order will be issued.

### Brief Factual Background

      The parties agree that (i) the Debtor executed a promissory note in favor of Holman in the principal amount of $93,674.72 on or about May 27, 1992 (the "Note"); (ii) the Note had an initial maturity date of December 31, 1992; (iii) the Note was secured by a pledge of the Debtor's interest in 142,906 common shares of Unity National Bank (the "Security Pledge"); and (iv) the Debtor has never made any payments on the Note. The Debtor, however, vigorously disputes that he actually borrowed any money from Holman.

In 2006, Debtor filed a lawsuit against Holman in the 113th Judicial District Court of Harris County Texas, styled *Jefferson v. Holman Street Baptist Church*, Cause No. 2006-75328 (the "State Court Lawsuit") seeking (i) a declaratory judgment that any claims under the Note and Security Pledge were barred by the statute of limitations; and (ii) the return of his Unity National Bank stock. The Debtor also asserted that the Note and Security Pledge were void for want of consideration. Holman asserted a counterclaim for the debt.

The State Court Lawsuit was tried to a jury in 2008. The jury returned a verdict in favor of Holman specifically finding that the Debtor received consideration for the execution and delivery of the Note and Security Pledge. The state court, however, entered a judgment notwithstanding the jury's verdict (the "JNOV") on January 27, 2009, finding that Holman's claims on the debt were barred by the statute of limitations.

On July 22, 2010, the Fourteenth Court of Appeals (i) reversed the state court's JNOV holding that Holman's claims were not barred by limitations; (ii) reinstated the jury's verdict; and (iii) remanded the case to the state court with the instructions that a judgment be entered pursuant to the jury's verdict. The Texas Supreme Court denied the Debtor's petition for review on March 4, 2011.

The Debtor filed his chapter 7 bankruptcy case on May 11, 2011, prior to the entry of a judgment by the state court in accordance with the Court of Appeals' mandate [Docket No. 1, Case No. 11-34168]. In his Schedule F, the Debtor listed a disputed claim in favor of Holman in the amount of $2,693,806.00.

On December 30, 2011, Holman filed a proof of claim in the Debtor's bankruptcy case asserting a general unsecured claim in the amount of $2,688,114.89 based on the Note, the Security Pledge and the Court of Appeals' mandate. To date, no objection to Holman's proof of claim has been filed.

On October 14, 2011, Holman filed this adversary proceeding seeking a determination that its claim against the Debtor is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) [Docket No. 1, Adv. No. 11-3513]. In his answer to Holman's complaint, the Debtor attacked Holman's underlying claim and asserted the affirmative defenses that (i) the Note and Security Pledge are void for want of consideration; and (ii) any claims under the Note and Security Pledge are barred by the statute of limitations [Docket No. 15, Adv. No. 11-3513].

Pursuant to an agreed order entered June 25, 2012, this Court modified the automatic stay to allow the state court to enter a judgment in accordance with the Court of Appeals' mandate and the jury verdict [Docket No. 70, Case No. 11-34168].

## **Legal Standard**

A motion for a judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is reviewed using the identical standard employed when reviewing a motion to dismiss under FED. R. CIV. P. 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The rule is applicable to the

assertion of affirmative defenses. *U.S. v. Brink*, No. C-10-243, 2011 WL 835828 (S.D. Tex. March 4, 2011). The focus is whether, in the light most favorable to the non-moving party, a valid claim or defense was asserted that is plausible on its face assuming all supporting factual allegations as true. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *U.S. v. Brink*, No. C-10-243, 2011 WL 835828 (S.D. Tex. March 4, 2011). If the motion relies on matters outside the pleadings, the motion should be treated as a motion for summary judgment under FED. R. CIV. P. 56. FED. R. CIV. P. 12(d); *Darklak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir. 1987). The reference to matters of public record, however, does not convert the motion into a motion for summary judgment. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

A party is entitled to summary judgment if the pleadings and other materials reflect that there is no genuine issue as to any material fact and that the movant is entitled to "judgment as a matter of law." FED. R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). The party seeking summary judgment bears the burden of establishing that no genuine issues of material fact exist. *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'Ship*, 520 F.3d 409, 412 (5th Cir. 2008).

The issue before the Court is whether the state court jury verdict and the Court of Appeals' mandate requiring the state court to enter a judgment consistent with that verdict give rise to a final decision such that collateral estoppel prevents this Court from reaching the issues of consideration and limitations in this adversary proceeding.

## Analysis

While this Court has the exclusive jurisdiction to determine the dischargeability of a particular debt under 11 U.S.C. § 523, collateral estoppel may bar the relitigation of issues relevant to dischargeability. *In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996) (citing *Grogan v. Garner*, 498 U.S. 279, 284 (1991)). The preclusive effect of a prior state court determination is governed by the law of the state in which that determination is rendered. Under Texas law, collateral estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." *Gober*, 100 F.3d at 1201 (citing *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex. 1984). In Texas, a party asserting collateral estoppel must show that (i) the issues were fully litigated in the first trial and essential to the final disposition; and (ii) the parties were true adversaries. *Gober*, 100 F.3d at 1201.

In this case, the Debtor asserts that Holman cannot succeed on its motion because no actual judgment has ever been entered by the state court. This Court disagrees. Texas law provides that the judgment of a court is that decision which is pronounced. *Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912). The mandate of the Court of Appeals is final and unequivocal. The only remaining required act by the state court is the ministerial act of physically entering a conforming judgment. This Court finds that a final decision has been made and that the doctrine of collateral estoppel is applicable. Whether Holman has established the necessary elements for the application of the doctrine is a different question.

The Debtor first argues that he should not be precluded from asserting the defense of "failure of consideration" because it was never fully litigated and decided by the state court. Specifically, the Debtor alleges that no affirmative finding was ever made that the Debtor received consideration. The first question answered by the jury was as follows:

> Do you find that Limas Jefferson received no money as consideration for his signing of the May 27, 1992 Promissory Note and the June 2, 1992 Security Agreement—Pledge?"
>
> Answer: No.

*Holman Street's Exhibit D, at 4.* In its decision, the Court of Appeals specifically overruled the Debtor's challenge regarding a lack of consideration and reinstated the jury's verdict. *Holman Street's Exhibit E, pp. 10-12.* Apparently, the Debtor is arguing that the jury question should have been asked in the affirmative as opposed to the negative. Either way, the answer is the same. The Court finds that the issue of consideration was fully litigated. Likewise, no genuine dispute exists that the determination of this affirmative defense was necessary to the disposition of the State Court Lawsuit or that Holman and the Debtor were true adversaries in the State Court Lawsuit.

Second, the Debtor asserts that Holman has not established that "consideration in the context of a Note and Security Agreement is synonymous with 'loss' or 'damage' as the proximate consequence of a representation having been made." The Debtor further asserts that Holman has failed to establish that "consideration in this context [is] necessarily the same as the alleged damages suffered by Holman in its embezzlement claim." These assertions miss the point. In this adversary proceeding, Holman seeks a determination that its claim should not be discharged due to the Debtor's alleged fraudulent conduct. It is the Debtor, not Holman, that wishes to use the affirmative defense of no consideration. Holman's motion does not address the merits of the defense; rather, Holman seeks to prevent the Debtor from relitigating the factual basis, if any, of this affirmative defense to Holman's underlying claim. The Court finds that the Debtor has had its day in court with respect to the underlying claim. There will be no second bite at the proverbial apple.

The Debtor's final argument is that "Holman has not established how any issue related to the statute of limitations as considered in the state court claims, if at all, relate to the claims made here." The Court agrees. It is the Debtor that is attempting to focus this litigation on a transaction that has previously been fully and finally litigated. Holman's burden is to prove the elements of 11 U.S.C. §§ 523(a)(2)(A) and (a)(4)—not to relitigate the underlying factual basis of its claim.

## Conclusion

In every trial, there is a winner and there is a loser. While every litigant that receives an unfavorable result would like the opportunity to start over, justice demands that parties accept their fate once finality is achieved. In this case, the Debtor seeks to avoid finality by attempting to relitigate Holman's underlying claim, not in the context of a claim objection, but in the context of a non-dischargeablility adversary proceeding while largely ignoring significant issues

specifically relevant to 11 U.S.C. § 523.  While the Court questions the propriety of such a strategy, the Debtor is represented by competent counsel that is skilled in trial advocacy.

Holman's motion is well-taken whether evaluated under a Rule 12(b)(6) standard or a Rule 56 standard.  No genuine dispute exists regarding the events that transpired with respect to the State Court Lawsuit.  The parties litigated Holman's claim and the Debtor's defenses to that claim.  The Court of Appeals has spoken and the Texas Supreme Court declined any further appeal.  The affirmative defenses to Holman's claim against the Debtor of (i) a lack of consideration; and (ii) limitations have been fully and finally litigated to conclusion in a true adversarial context.   No claim is made that the state court was not a fair forum.  Collateral estoppel bars the reassertion of the affirmative defenses of (i) a lack of consideration; and (ii) limitations in this adversary proceeding.  Holman's motion is granted.  A separate order consistent with this opinion will be issued.

**SIGNED: July 6, 2012.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**